CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| U.S. RIGHT TO KNOW, | Case No. 3:26-cv-01293-JSC |
| Plaintiff, | **DEFENDANT'S ANSWER TO COMPLAINT** |
| v. | |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | Judge:        Hon. Jacqueline Scott Corley |
| Defendant. | |

Defendant National Archives and Records Administration ("NARA" or "Defendant"), by and through undersigned counsel, hereby responds to Plaintiffs' Complaint, ECF No. 1 ("Complaint").

## INTRODUCTION

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

## RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint

ANSWER
NO. 3:26-CV-01293-JSC                              1

as follows.  Defendant includes the headings listed in the Complaint merely to assist in reading the pleadings and does not admit their accuracy

### RESPONSE TO COMPLAINT SECTION ENTITLED "INTRODUCTION"

1.  Defendant admits that this is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and that Plaintiff seeks access to government records held by NARA.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations.

2.  The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies these allegations.

3.  The allegations in this first sentence of this paragraph consist of Plaintiff's characterization of the records requested, which are irrelevant to the present proceedings and to which no response is required.  To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies the same.

4.  The allegations in this paragraph contain a description of Plaintiff's prayers for relief to which no response is required.  To the extent a response is required, Defendant denies the allegations, and denies that Plaintiff is entitled to the relief sought.

### RESPONSE TO COMPLAINT SECTION ENTITLED "JURISDICTION AND VENUE"

5.  The allegations in this paragraph contain conclusions of law concerning jurisdiction and venue to which no response is required.  To the extent a response is required, Defendant does not contest jurisdiction or venue in this judicial district.

6.  The allegations in this paragraph contain conclusions of law concerning jurisdiction to which no response is required.  To the extent a response is required, Defendant does not contest the Court's jurisdiction.

### RESPONSE TO COMPLAINT SECTION ENTITLED "INTRADISTRICT ASSIGNMENT"

7.  The allegations in this paragraph contain conclusions of law concerning intradistrict assignment to which no response is required.  To the extent a response is required, Defendant does not contest intradistrict assignment in the San Francisco Division.

8. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA provisions referenced in this paragraph and denies any allegation in this paragraph inconsistent therewith.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

10. The allegations in this paragraph contain conclusions of law concerning intradistrict assignment to which no response is required. To the extent a response is required, Defendant does not contest intradistrict assignment in the San Francisco Division.

### RESPONSE TO COMPLAINT SECTION ENTITLED "PARTIES"

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

12. Admitted that NARA is an agency of the federal government and subject to the provisions of the FOIA. The remainder of the allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it has some records responsive to Plaintiff's request within its control but denies the remaining allegations in this paragraph

### RESPONSE TO COMPLAINT SECTION ENTITLED "LEGAL FRAMEWORK"

**A.    Response to Complaint Section Entitled "Freedom of Information Act"**

13. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

14. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

15. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA

statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

16. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

17. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

18. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

19. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

20. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

21. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

22. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA

statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

23. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

24. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

25. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

26. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

27. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

28. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

29. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA

statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

30. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the FOIA statute, 5 U.S.C. § 552, for its complete and accurate contents and denies all allegations in this paragraph inconsistent therewith.

**B.      Response to Complaint Section Entitled "The NARA's FOIA Regulations Regarding Release of Presidential Records"**

31. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and regulations and denies all allegations in this paragraph inconsistent therewith.

32. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited regulations and denies all allegations in this paragraph inconsistent therewith.

33. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and regulations and denies all allegations in this paragraph inconsistent therewith.

34. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited regulations and denies all allegations in this paragraph inconsistent therewith.

35. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and regulations and denies all allegations in this paragraph inconsistent therewith.

36. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited regulations and denies all allegations in this paragraph inconsistent therewith.

37. The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations in this paragraph inconsistent therewith.

**RESPONSE TO COMPLAINT SECTION ENTITLED
"STATEMENT OF OPERATIVE FACTS"**

38. Defendant admits that on July 16, 2025, Plaintiff submitted a FOIA request to NARA.  The remaining allegations in this paragraph comprise Plaintiff's description of that request to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the referenced FOIA request for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

40. The allegations in this paragraph consist of Plaintiff's characterization of the records requested, which are irrelevant to the present proceedings and to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

41. The allegations in this paragraph contain Plaintiff's characterization of events unrelated to the subject FOIA request and do not set forth claims of relief or aver facts in support of a claim. Therefore, the allegations are irrelevant to the present proceedings.  Thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent any additional response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

42. The allegations in this paragraph contain Plaintiff's characterization of events unrelated to the subject FOIA request and do not set forth claims of relief or aver facts in support of a claim. Therefore, the allegations are irrelevant to the present proceedings.  Thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent any additional response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

43. The allegations in this paragraph contain Plaintiff's characterization of events unrelated to the subject FOIA request and do not set forth claims of relief or aver facts in support of a claim. Therefore, the allegations are irrelevant to the present proceedings. Thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent any additional response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

44. The allegations in this paragraph contain Plaintiff's characterization of events unrelated to the subject FOIA request and do not set forth claims of relief or aver facts in support of a claim. Therefore, the allegations are irrelevant to the present proceedings. Thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent any additional response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

45. Defendant admits that NARA responded on July 24, 2025 with information about the request and stated that the search for unclassified records is complete and that NARA is still conducting the initial search for potentially responsive classified records. The remaining allegations in this paragraph comprise Plaintiff's description of that response, to which no response is required. To the extent a response is required, Defendant states that its response to the Plaintiff's FOIA Request speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the response for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

46. Defendant admits that NARA sent a letter to Plaintiff on July 24, 2025. The remaining allegations in this paragraph comprise Plaintiff's description of that letter, to which no response is required. To the extent a response is required, Defendant states that its letter in response to the Plaintiff's FOIA Request speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the response for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

47. Defendant admits that NARA responded to Plaintiff on July 24, 2025, assigned the case log number 2025-0183-F, advised that 625 pages and 40 electronic records have been identified as potentially responsive, and provided information on processing and review of the records and

reproduction fees. The remaining allegations in this paragraph comprise Plaintiff's description of that response, to which no response is required. To the extent a response is required, Defendant states that its response to the Plaintiff's FOIA Request speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the response for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

48. Defendant admits Plaintiff requested an update from NARA on September 26, 2025. The remaining allegations consist of Plaintiff's characterization of events, to which no response is required. To the extent a response is required, Defendant states that the correspondence between NARA and Plaintiff speaks for itself and is the best evidence of its contents, and respectfully refers the Court to that correspondence for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

49. Defendant admits that on September 29, 2025, NARA estimated approximately 13 months to complete processing request 2025-0183-F, which was in the simple unclassified textual queue, and stated there were 55 requests ahead of the request in this queue. The remaining allegations in this paragraph comprise Plaintiff's description of that response, to which no response is required. To the extent a response is required, Defendant states that its response to the Plaintiff's FOIA Request speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the response for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

50. Defendant admits that on November 3, 2025, Richard Brody emailed NARA and attached a letter regarding the subject request. The remaining allegations in this paragraph comprise Plaintiff's description of that email and attached correspondence, to which no response is required. To the extent a response is required, Defendant states that the content of the email and correspondence speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the email and letter for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

51. Defendant admits that on November 3, 2025, NARA was closed to normal operations due to lack of appropriations and provided automated email responses to queries to inform about operating

status during the shutdown.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

52. Defendant admits that NARA responded on November 13, 2025.  The remaining allegations in this paragraph comprise Plaintiff's description of that response to which no response is required.  To the extent a response is required, Defendant states that its response to the Plaintiff's FOIA Request speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the response for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

53. Defendant admits that on January 14, 2026, Lily Rivo emailed NARA and attached a letter regarding the subject request.  The remaining allegations in this paragraph comprise Plaintiff's description of that email and attached correspondence to which no response is required.  To the extent a response is required, Defendant states that the content of the email and correspondence speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the email and letter for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

54. Defendant admits that on January 27, 2026, Lily Rivo emailed NARA and attached a letter regarding the subject request.  The remaining allegations in this paragraph comprise Plaintiff's description of that email and the attached correspondence and characterization of events to which no response is required.  To the extent a response is required, Defendant states that the content of the email and correspondence speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the email and letter for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

55. Defendant admits that on January 30, 2026, NARA responded to Plaintiff that after an updated search, there were 18 electronic files and 505 pages of potentially responsive records, that FOIA requests are processed on a first-in, first-out basis, that there were 55 requests ahead in the queue, and that historical records at NARA are not governed by the FOIA fee and fee waiver provisions in section 552(a)(4)(A)(vi).  The remaining allegations in this paragraph comprise Plaintiff's description of that email and the attached correspondence and characterization of events to which no response is required.

To the extent a response is required, Defendant states that the content of the email and correspondence speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the email and letter for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

56. Defendant admits that on January 30, 2026, NARA wrote to Plaintiff that the estimated completion date was 13 months from the date of the letter, there were 55 requests ahead in the queue, and that the estimate includes time for NARA to complete notification under the Presidential Records Act. The remaining allegations in this paragraph comprise Plaintiff's description of that correspondence to which no response is required. To the extent a response is required, Defendant states that the content of the correspondence speaks for itself and is the best evidence of its contents, and respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

57. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in this paragraph.

58. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations in this paragraph inconsistent therewith.

59. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations in this paragraph inconsistent therewith. Defendant denies any remaining allegations in this paragraph.

60. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it has not yet produced any responsive documents to Plaintiff but denies the remaining allegations in this paragraph and any allegation of wrongdoing.

61. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations in this paragraph inconsistent therewith.

62. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### RESPONSE TO COMPLAINT SECTION ENTITLED: "COUNT 1
**Violations of the Freedom of Information Act and the NARA Regulations:
Failure to Provide Timely Final Determination"**

63. Defendant repeats and responds to each and every allegation contained in Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant states that USRTK has a statutory right to have Defendant process FOIA requests in a manner that complies with the FOIA, subject to any other laws, including but not limited to the Presidential Records Act. Defendant denies any remaining allegations in this paragraph.

65. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

66. The allegations in the first sentence of this paragraph do not set forth claims of relief or aver facts in support of a claim, and are irrelevant to the present proceedings. Thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). The second sentence depends on the first sentence and should be stricken as well. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

67. Denied.

68. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in this paragraph.

### RESPONSE TO COMPLAINT SECTION ENTITLED "COUNT II
**Violation of the Freedom of Information Act:
Unlawful Withholding of Non-Exempt Public Records"**

69. Defendant repeats and responds to each and every allegation contained in Paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations in this paragraph inconsistent therewith.

71. The allegations in the first sentence of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations inconsistent therewith. The remaining allegations consist of Plaintiff's characterization of NARA's response to the subject request, to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations in this paragraph.

72. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations as stated. On or about July 24, 2025, NARA placed the subject request in the simple unclassified textual queue.

73. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations in this paragraph inconsistent therewith.

74. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited statutes and denies all allegations in this paragraph inconsistent therewith.

75. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

76. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

77. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

78. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and are irrelevant to the present proceedings. Thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

80. Denied.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the relief identified on page 16 of the Complaint, Defendant denies that Plaintiff is entitled to any relief in this action and asks the Court to deny any and all of the relief requested.

## ADDITIONAL DEFENSES

In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint change or become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Defendant conducted adequate searches in response to Plaintiff's FOIA request.

## SECOND DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

## THIRD DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the FOIA.

## FOURTH DEFENSE

Any relief to Plaintiff is limited to that provided for under 5 U.S.C. § 552(a)(4)(B).

## FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

## SIXTH DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

**SEVENTH DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered all counts of the Complaint, Defendant prays that Plaintiff takes nothing by way of the Complaint, that the same be dismissed with prejudice, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

DATED: May 6, 2026                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roman A. Swoopes*
Roman A. Swoopes
Assistant United States Attorney
Attorneys for Federal Defendant