Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
Richard A. Brody (Cal. Bar No. 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff*

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

*Attorneys for Federal Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>        Defendant. | ) CASE NO. 3:26-cv-01293-JSC<br>)<br>) **JOINT CASE MANAGEMENT STATEMENT;**<br>) **[PROPOSED] ORDER**<br>)<br>)<br>) CMC Date:    June 17, 2026<br>) Time:           2:00 PM<br>) Location:     Zoom<br>)<br>) Judge:         Hon. Jacqueline Scott Corley<br>) |

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, Civil Local Rules 16-9 and 16-10, the Court's Standing Order, and the Standing Order for All Judges of the Northern District of California, Plaintiff U.S. Right to Know ("Plaintiff") and Defendant National Archives and Records Administration ("Defendant" or "NARA") submit this Initial Joint Case Management Statement.

**1.    Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service.  Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendant has been served.

## 2.     Facts

On July 16, 2025, Plaintiff submitted a FOIA request (Request) to Defendant seeking "copies of records in the holdings of the George W. Bush Presidential Library, via the National Archives and Records Administration (NARA), concerning the George W. Bush administration's 2001 decision to reject the proposed Verification Protocol to the Biological Weapons Convention (BWC)."  Dkt. No. 6. The Request generally sought correspondence, memoranda, briefings, reports and other documents authored by or addressed to specific custodians between Jan. 20, 2001 and Dec. 31, 2001, and only containing specific search terms.  *See id*. Plaintiff's Request included a request for a rolling release of records. *Id.*

On July 24, 2025, Defendant emailed Plaintiff that the search for unclassified records was complete and that Defendant continued to search for potentially responsive classified records. Dkt. No. 1, ¶ 45.  Defendant attached two letters to this communication stating that the Request would be processed under the 1978 Presidential Records Act and that Defendant identified approximately 625 pages and 40 electronic files potentially responsive to the Request. *Id.* at ¶¶ 46-47.

In the months that followed, Defendant searched for responsive records, and Plaintiff and Defendant exchanged correspondence.  Among other things, Defendant informed Plaintiff that once processing of responsive records is complete, NARA is required by the Presidential Records Act (PRA) to notify the representatives of the former President and the incumbent President prior to the release of any Presidential records to allow them to conduct a privilege review.  The representatives have 60 working days to perform their executive privilege review, with the possibility of one extension of 30 working days.

In September 2025, Plaintiff emailed Defendant requesting an update on the status of the Request and the agency responded that the estimated date of completion was approximately 13 months away, that the Request was in the simple unclassified queue, and there were 55 requests ahead of Plaintiff's Request.  *See* Dkt. No. 1, ¶¶ 48-49.

In January 2026, Plaintiff emailed Defendant twice to request an estimated date of production, rolling production of responsive documents, and formal determination under the FOIA. *See* Dkt. No. 1, ¶¶ 53-54. Defendant responded that the estimated date of completion was now 13 months from January

30, 2026. *See id.* ¶¶ 55-56. Additionally, Defendant stated the search yielded "18 electronic files and 505 pages" of potentially responsive records. *Id.* ¶ 55.

To date, Defendant has not produced any records responsive to Plaintiff's request.

Plaintiff filed the instant suit on February 12, 2026, alleging, among other things, that Defendant failed to timely disclose records responsive to Plaintiff's Request.  Dkt. No. 1.

Defendant contends, among other things, that Plaintiff's complaint raises claims that are or will become moot.  Defendant further contends that Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

**3.    Legal Issues**

The Court may be called upon to resolve the following legal issues, in addition to others not yet identified:

1.  Whether Defendant issued a timely and lawful final determination on the Request;

2.  Whether Defendant wrongfully withheld any records sought by Plaintiff in its Request;

3.  Whether Defendant has produced all responsive, non-exempt records responsive to the Request following a reasonably adequate search;

4.  Whether Defendant's withholdings under any claimed FOIA disclosure exemption are lawful and factually supported;

5.  Whether Plaintiff is entitled to its attorneys' fees and costs.

**4.    Motions**

There are no pending motions.  If informal discussions between the parties do not resolve the entire case, the parties anticipate that the issues in Plaintiff's Complaint can be resolved on cross motions for summary judgment.

**5.    Amendment of Pleadings**

The parties do not anticipate additional amendment of the pleadings at this time.

**6.    Evidence Preservation**

Plaintiff and Defendant have reviewed all applicable guidelines and acknowledge their duties to preserve relevant materials in accordance with applicable rules and case law.

**7.     Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary at this time, as this is a FOIA action for which no such exchange of information is typically needed.

**8.     Discovery**

Discovery is generally not appropriate in FOIA cases.  *See Lane v. Dept. of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)); *Am. Small Business League v. Dept. of Defense*, 2019 WL 4416613 at *2-3 (N.D. Cal. Sept. 15, 2019) (allowing discovery in FOIA action).  The parties agree that at this time, discovery is not anticipated, although the parties reserve the right to seek discovery.

**9.     Class Actions**

This is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

Plaintiff requests that the Court order Defendant to produce all responsive records sought in its Request; that all potential disclosure exemptions be lawfully applied and factually supported; declaratory relief on Plaintiff's claims concerning the failure to issue a final determination and failure to promptly provide all non-exempt responsive records; and an award of attorneys' fees and costs under 5 U.S.C. section 552(a)(5)(E).

Defendant denies that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12.    Settlement and ADR**

The parties have conferred about the ADR process and do not believe that this case is ready for ADR at this time.  The parties have filed their respective ADR Certifications requesting to discuss ADR selection at an appropriate time, at a case management conference with this Court.

**13.    Other References**

Special procedures such as binding arbitration, a special master, or MDL are not appropriate for this case.

**14.    Narrowing of Issues**

The parties agree to meet and confer as appropriate to narrow any issues in this case.

**15.    Scheduling**

The parties jointly request that the Court vacate the Case Management Conference set for June 17, 2026 in light of the procedural posture of the case and request the Conference be continued to July 29, 2026.

Defendant presently anticipates producing non-exempt, unclassified records that are responsive to Plaintiff's request once the PRA review period expires at the end of June 2026.  Defendant is reviewing additional classified records for responsiveness and will likely need to refer at least some of those records to other agencies to determine what portions, if any, can be disclosed.

The parties propose that the Court reschedule the Case Management Conference to follow Defendant's planned production of unclassified materials at the end of June 2026.  The parties expect to be in a better position at that time to (a) identify whether there are any disputes regarding Defendant's production of unclassified records and (b) propose a plan for the search for and processing of any responsive records that are presently classified.

The parties intend to meet and confer regarding any issues. If the parties are unable to reach agreement, Plaintiff anticipates presenting the matter to the Court for resolution. Given the cooperative efforts currently underway, the parties suggest that the scheduling of briefing for potential summary judgment motions be deferred at this time.

If not resolved informally, the parties anticipate that the issues in this case can ultimately be resolved on cross motions for summary judgment.

**16.    Trial**

The parties anticipate that the issues in this case will be resolved through summary judgment and that no trial will be needed.

**17.    Disclosure of Non-Party Interested Entities**

Plaintiff has filed its Certification of Conflicts and Interested Entities and Persons and restates here that as of this date there is no conflict or interest (other than the named parties) to report.

Defendant is exempt from this requirement as a federal government entity.

**18.    Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other Matters**

Not applicable.

Respectfully Submitted,

DATED: June 10, 2026                    GREENFIRE LAW, PC

*/s/ Lily A. Rivo*
JESSICA L. BLOME
LILY A. RIVO
RICHARD A. BRODY
Attorneys for Plaintiff


DATED: June 10, 2026                    CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roman A. Swoopes*
ROMAN A. SWOOPES
Assistant United States Attorney
Attorneys for Federal Defendant

In compliance with Civil L.R. 5-1(i)(3), the filer of this document attests that counsel for all parties concur in the filing of this document.

**[PROPOSED] ORDER**

The Case Management Conference currently set for June 17, 2026 is hereby CONTINUED to July 29, 2026, at 2:00 p.m. via Zoom.

By July 15, 2026, the parties shall file a joint status case management conference statement that complies with this Court's Standing Order and also provides an update to the Court regarding (a) whether Plaintiff has identified any issues with Defendant's production of unclassified records and (b) how the parties propose to handle the search for and, if applicable, the production of any classified records that are responsive to Plaintiff's FOIA request.

IT IS SO ORDERED.

Dated: _____

_____
HON. JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE