Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
Richard A. Brody (Cal. Bar No. 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiff*

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

*Attorneys for Federal Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>Defendant. | CASE NO. 3:26-cv-01293-JSC<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. Jacqueline Scott Corley |

Pursuant to the Court's July 30, 2026 order, Plaintiff U.S. Right to Know ("Plaintiff") and Defendant National Archives and Records Administration ("Defendant" or "NARA") submit this Joint Status Report. Counsel for the parties met and conferred, and Defendant attempted to provide answers to Plaintiff's questions regarding the status of its processing of potentially responsive records, as well as prioritizing specific records.

Defendant's Status Update:

On June 25, 2026, Defendant released approximately 304 pages of unclassified, scanned paper records to Plaintiff, along with 10 electronic files. Subject to resolving any disputes regarding the scope of its search, Defendant believes that its search for and production of currently unclassified records is complete.

The parties' July 22, 2026 joint case management statement stated, in part: "Defendant has located over 1,600 pages of currently classified paper records that appear to be responsive to Plaintiff's requests. Defendant is consulting with seven other government agencies that may have equities in these records to determine what portions, if any, can be declassified. In addition to the records discussed above, Defendant is in the process of retrieving and reviewing over 4,200 classified electronic communications files to determine if they are responsive to Plaintiff's request." ECF No. 29 at 5.

With respect to the classified paper records listed above, NARA's responsiveness review is complete, and NARA is awaiting responses from remaining consulting agencies regarding what portions, if any, can be declassified.

Since the July 2026 case management conference, Defendant has continued to review the approximately 4,200 electronic files referenced above for responsiveness. NARA has reviewed 5,448 pages of potentially responsive, classified, electronic materials for responsiveness. Approximately 3,600 pages were removed following a first level review for being non-responsive, and the remainder are undergoing or have undergone second-level responsiveness review. Since July 30, NARA has completed that second level of review for 611 pages. Of those 611 pages, 75 pages have been deemed responsive and will need to undergo review for potential declassification. Among the classified electronic files currently under review, NARA estimates that approximately 1,200 pages of cables and approximately 2,700 emails (for which page counts are unavailable) remain for responsiveness review.

Documents deemed responsive are in the process of being shared with consulting agencies for guidance on classification decisions. Given that multiple agencies are involved in review, NARA does not currently have an estimate on when any declassification decisions will be finalized. Following any potential declassification, the time periods of the Presidential Records Act will also apply before any records can be produced.

Plaintiff's Status Update:

On September 25, 2026, Defendant provided Plaintiff a status update and Plaintiff responded with specific questions including: (1) When the 75 classified pages were sent for consultation; (2) When to expect a rolling release of records; (3) What are estimated dates to complete responsiveness review?; (4) Is there a production timeline even if there is not an estimated completion date?

Plaintiff also requested additional information to reconcile the provided numbers with July's Status Report (Dkt. 29), which reported over 1,600 apparently responsive classified paper pages and more than 4,200 electronic communications files. Plaintiff asked how the 5,448 pages reviewed and 75 pages deemed responsive relate to the confirmed responsive pages, 1,200 cable pages, and 2,700 emails. Plaintiff also requested more information regarding its previous request to prioritize processing specific records, including the Mahley report, as identified in Plaintiff's July 17, 2026, letter and previous status report. *See* Dkt. No. 29.

Subsequently, Plaintiff and Defendant conferred by phone. Plaintiff requested an estimated date of completion. Plaintiff also requested that responsive documents be released on a rolling basis and requested an update on the Mahley materials. Plaintiff also stated that originally, NARA provided Plaintiff an estimated date of production of 13 months from January, 2026. *See* Dkt. 1, ¶ 49.

Next Steps:

Plaintiff requests that Defendant provide an update within the next 30 days, by October 28, 2026, regarding the status of Defendant's review and potential declassification of remaining records. Plaintiff requests that this update include: (1) an estimated date to complete responsiveness review of the remaining electronic records; (2) an estimated page count for the approximately 2,700 emails; (3) the status of the Mahley materials.

Defendant is willing to provide an informal status report to Plaintiff within thirty days regarding the status of its responsiveness review of the remaining classified materials, notwithstanding the parties' previous proposal for status reports to the Court every sixty days. Given that the materials that remain to be processed are classified and stored on classified information systems, Defendants are unable to commit at this time to revealing (1) page counts of classified emails or (2) what, if anything, they will be able to reveal about the "Mahley materials" that Plaintiffs have asked Defendants to prioritize.

The parties agree to meet and confer to attempt to resolve any issues and will bring any disputes that they cannot resolve to the Court's attention.

//

Respectfully Submitted,

DATED: September 28, 2026

GREENFIRE LAW, PC

*/s/ Lily A. Rivo*
JESSICA L. BLOME
LILY A. RIVO
RICHARD A. BRODY
Attorneys for Plaintiff

DATED: September 28, 2026

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Roman A. Swoopes*
ROMAN A. SWOOPES
Assistant United States Attorney
Attorneys for Federal Defendant

In compliance with Civil L.R. 5-1(i)(3), the filer of this document attests that counsel for all parties concur in the filing of this document.